IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| ROSA SANDOVAL, )  | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:17-cv-01053-AJT-TCB |
| ) | |
| ) | |
| STARWEST SERVICES, LLC, et al. ) | |
|     Defendants. ) | |
| ) | |

## **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL**

COMES NOW, Defendants Starwest Services, LLC. ("Starwest"), Ehab Khalil ("Mr. Khalil") and Tariq Algaily ("Mr. Algaily") (collectively, "Defendants"), and counterclaimant Starwest Services, LLC ("Starwest"), by counsel, and respectfully submits this memorandum of law in support of their Motion Motion to Compel Deposition Discovery of Plaintiff, Rosa Sandoval, pursuant to Fed R. 37, and 26 (d)(2)(A): and States as follow:

### **STATEMENT OF THE FACTS**

On or about August 30, 2017, plaintiff, Rosa Sandoval ("Plaintiff"), filed a Complaint for Damages against Defendants. The Complaint arises out an alleged janitorial and housekeeping services provided by Plaintiff. The Complaint alleges five counts, Count 1, claims violation the Federal Labor Standards Act ("FLSA") 29 U.S.C. §206(a)(1)(c), Count II, Brach of Contract; Count III, Quantum Meruit; Count IV, Unjust Enrichment; and, Count V, FLSA Overtime. Defendants filed a motion to dismiss Plaintiff's claims. This Court sustained Defendants motion to dismiss the FLSA claims and granted Plaintiff leave to amend. Defendants filed an answer and

1

counterclaims against Plaintiff for two counts of fraud, unjust enrichment, and conversion. On about October 16, 2017, the Parties submitted a Joint Discovery Plan and Joint Rule 26 (F) Report. On October 17, 2017, the Court entered a Scheduling Order stating that the "proposed joint discovery plan (Doc. 10) is approved and shall control discovery to the extent of its application **unless** modified by the Court."

On November 3, 2017, Defendants asked Plaintiff counsel to provide deposition date for the Plaintiff. Counsel for Plaintiff indicated that they intend to file a motion to dismiss Defendant's counterclaims and asked Defendants to stay discovery. Defendants responded that they intended to go forward with the deposition since as Plaintiff will have to be deposed on her claim. Defendants also stated that their counterclaims stem from the same occurrence and facts, therefore deposition must go forward. Plaintiff is of the opinion that because she may have a dispositive motion, discovery can't go forward even on her own claims. Plaintiff asked for three weeks delay.

Defendants' asked for a deposition date on November 3rd and agreed to postpone a deposition until the 27th of November, 2017. This wasn't enough in Plaintiff's opinion and stated in an e-mail on November 11, 2017, that "... I simply am not willing to make my client available until a few assurances are made in a written stipulation. My proposal regarding this stipulation is as follows: Your clients agree to not propound any questions which may be or are directly relevant to ANY of the allegations set forth in the counterclaim."

A good-faith effort to narrow the area of disagreement has been made in accordance with Local Civil Rule 7(E) and Local Civil Rule 37(E), but to no avail.

## **LAW AND ARGUMENT**

The federal rules liberally allow a party to conduct discovery in the order they deem fit. The rule is clear that "methods of discovery may be used in any sequence" and "discovery by one party does not require any other party to delay discovery. Fed. R. Civ. P. 26 (d)(3)(A) & (B). Furthermore, rule 37 addresses the penalty that may be imposed for failure to follow a court order. Fed. R. Civ. P. 37 (b). The rules further state that it is unacceptable excuse for failing to act on discovery on the ground that the discovery sought was objectionable unless the party failing to act has a pending motion for a protective order under. Fed. R. Civ. P. 37(d)(1)(B)(2).

Here, the parties already agreed to discovery order, the Court entered an order, and the rules do not support any of Plaintiff's theories. In fact, Defendants asked Plaintiff to provide authority to support their argument, but to no avail. First, Plaintiff is seeking to modify the October 17, Court Scheduling order without court approval and Defendant's consent. Second, Defendants agreed to delay the deposition for twenty-four (24) days in an effort to resolve the issues. Plaintiff answer was shocking, she wanted to limit the deposition where none of the questions can remotely address Starwest's counterclaims - an impossible task because Plaintiff alleges a contract with Defendants and Defendants allege fraud against plaintiff. This would mean Defendants can't even ask about Plaintiff breach of contract allegations or anything else about the case because all claims stem from the same occurrence. Plaintiff is simply attempting to delay discovery by any means.

Plaintiff never filed its motion to dismiss or a motion for protective order as there is no reasonable ground for them. Even if Plaintiff files a motion to dismiss and prevails, Defendants are entitled to depose the Plaintiff. Defendants suggested that counsel can object to any questions

since the matter will be on the record, but Plaintiff refused. Plaintiff's action shows that even when Defendants agreed to their delay, they moved to restrict the type of questions asked during deposition.

      Now, if the court does not rule this motion on the brief the matter will not be resolved until at least the second week of December, which serves Plaintiff desire to delay discovery. Discovery closes in February and Defendants can't move forward with a motion for summary judgment before more expenses are incurred due to Plaintiff's delay. There will be no Friday dockets on Friday, October 24, 2017. Counsel for Defendants will be out of the country from November 28 until December 10, 2017. Therefore, since this a non-dispositive motion, Plaintiff requests a ruling on the briefs.

WHEREFORE, Defendants pray that this court compel Plaintiff, Rosa Sandoval,

1. to submit to discovery by November 27, 2017;

2. to award reasonable attorney's fees and expenses pursuant to rule 37 (d)(3).

    Date: November 11, 2017                       Respectfully Submitted,
                                                            Defendants, by Counsel

                                                                              _____
                                                        /s/Mohamed E. Seifeldein (VSB #84424)
                                                                            Seifeldein & Associates, P.C.
                                                                    6066 Leesburg Pike, Suite 420
                                                                               Falls Church, VA 22041
                                                                                    Tel: 703-778-6841
                                                                                  Fax: 703-562-7709
                                                                              mes@mseiflaw.com
                                                                       Counsel for Defendants

## **CERTIFICATE OF SERVICE**

      I, hereby certify that on November 11th, 2017, I served a copy of the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL**, via the ECF system and e-mail., to the following:

Randall Sousa
Attorney for Plaintiff
3007 Williams Dr.
Fairfax, VA 22031
703-651-2606
randallsousa@iDefendVA.com

 

                                            /s/Mohamed E. Seifeldein (VSB #84424)
                                            Seifeldein & Associates, P.C.
                                            6066 Leesburg Pike, Suite 420
                                            Falls Church, VA 22041
                                            Tel: 703-778-6841
                                            Fax: 703-562-7709
                                            mes@mseiflaw.com
                                            Counsel for Defendants